UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FAWZIYA AHMED MUSAH DOLLAH,

                Plaintiff,

      -*against*-

NAVY RECRUITING STATION *and* HENRY LEON,

                Defendants.

24-CV-9166 (ER)

ORDER OF SERVICE

---

RAMOS, D.J.:

      Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his rights by preventing him from enrolling in the United States Navy because of his HIV status. Plaintiff does not identify a cause of action and he does not state the relief he seeks. In light of Plaintiff's *pro se* status, the Court liberally construes the complaint as asserting claims under the Due Process Clause of the Fifth Amendment and the Administration Procedures Act ("APA").

      By order dated January 21, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's claims against the Navy Recruiting Station and Henry Leon; directs the Clerk of Court to amend the caption of this action, under Rule 21 of the Federal Rules of Civil Procedure, to replace those defendants with the Secretary of Defense and the Secretary of the Navy; and directs service on the defendants.

## I.   STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II.  DISCUSSION

### A.  Proper Defendants

Plaintiff names as Defendants the Navy Recruiting Station, which is located on Fordham Road in Bronx, New York, and Petty Officer Henry Leon. Because Plaintiff does not identify a cause of action or state the relief he is seeking, the Court liberally construes this action as seeking injunctive relief under the Fifth Amendment and the APA.[1] The proper defendant in an action seeking injunctive relief against a federal entity is the head of the agency in his or her official capacity. The proper defendant for an APA action is the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703. Neither the Navy Recruitment Station

---

[1] Because Plaintiff is challenging the actions of a branch of the United States military, his available causes of action are limited. He may not assert claims under the Americans with Disabilities Act of 1990, the Rehabilitation Act, or other federal antidiscrimination statutes because those remedies do not apply to uniformed positions of the military or to civilian applicants for those positions. *See Baldwin v. United States Army*, 223 F.3d 100, 101 (2d Cir. 2000) (uniformed members of the armed forces barred from asserting claims under Title VII, ADA, or Age Discrimination in Employment Act); *Coffman v. State of Michigan*, 120 F.3d 57, 59 (6th Cir. 1997) (cited with approval in *Baldwin* and stating that Rehabilitation Act does not apply to uniformed members of the armed forces); *Smith v. Christian*, 763 F.2d 1322, 1325 (11th Cir. 1985) (Rehabilitation Act does not apply to applicant for position in Naval Reserve). Furthermore, any constitutional claims Plaintiff may be asserting for money damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), would be barred by the doctrine of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).

nor Petty Officer Leon are proper defendants. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court therefore construes the complaint as asserting claims against the Secretary of Defense and the Secretary of the Navy, and directs the Clerk of Court to amend the caption of this action to replace the Navy Recruiting Station and Henry Leon with the Secretary of Defense and the Secretary of the Navy. See Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses these defendants may wish to assert.

### B.    Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Secretary of Defense and Secretary of the Navy through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to mark the box on the USM-285 form labeled "Check for service on U.S.A.," issue summonses, and deliver to the

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III.   CONCLUSION

The Court dismisses Plaintiff's claims against the Navy Recruiting Station and Henry Leon for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to amend the caption of this action to replace the Navy Recruitment Station and Henry Leon with the Secretary of Defense and the Secretary of the Navy. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to issue summonses for the Secretary of Defense and Secretary of the Navy, complete the USM-285 form with the address for Defendants, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 24, 2025
        New York, New York

                                             EDGARDO RAMOS, U.S.D.J

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. United States Secretary of Defense
   1000 Defense Pentagon
   Washington, DC 20301-1000

2. United States Secretary of the Navy
   1000 Navy Pentagon
   Washington, DC 20350-1000

3. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530

4. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, NY 10007